UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>100 F Street, N.E.<br>Washington, D.C. 20549,<br><br>               Plaintiff,<br><br>          vs.<br><br>ALEXANDRE PONZIO DE AZEVEDO,<br><br>              Defendant. | C.A. No. |

### COMPLAINT

Plaintiff Securities and Exchange Commission (the "Commission") alleges that:

### NATURE OF THE ACTION

1.  On June 20, 2006, Alexandre Ponzio De Azevedo engaged in insider trading by purchasing 14,000 American Depositary Shares ("ADSs") of Perdigão S.A. ("Perdigão") on the basis of material, nonpublic information that Sadia S.A. ("Sadia") was planning to launch a tender offer for Perdigão. In so doing, Azevedo misappropriated this information, which had been entrusted to him in confidence through his employment with Banco ABN AMRO Real S.A. ("ABN AMRO"), which was in negotiations to provide financing to Sadia to cover the cost of the tender offer.

2.  On Sunday, July 16, 2006, Sadia announced the tender offer for Perdigão. On Monday, July 17, 2006, Perdigão ADSs opened at $23.12 and closed at $24.50, up $4.25 (21%) from the closing price the previous Friday. That afternoon, Azevedo sold

10,500 Perdigão ADSs. On Friday, July 21, 2006, Sadia withdrew the tender offer for
Perdigão.

3.    By trading in Perdigão ADSs on the basis of material, nonpublic
information, Azevedo realized ill-gotten profits of $52,290.00 on the 10,500 ADSs he
sold on July 17, 2006, and his imputed profit on the remaining 3,500 ADSs was
$14,875.00.

4.    By engaging in such conduct, defendant violated Sections 10(b) and 14(e)
of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b), 78n(e)]
and Exchange Act Rules 10b-5 and 14e-3 thereunder [17 C.F.R. §§ 240.10b-5, 240.14e-
3].

5.    Unless restrained and enjoined by this Court, defendant will continue to
engage in transactions, acts and practices that violate these provisions of the federal
securities laws. The Commission seeks permanent injunctions against future violations
and other relief requested in this Complaint.

## JURISDICTION

6.    This Court has jurisdiction over this action pursuant to Sections 21(d)(1),
21(e), and 27 of the Exchange Act [15 U.S.C. §§ 78u(d)(1), (e), and 78aa].

7.    In connection with the transactions, acts, and practices described in this
Complaint, defendant, directly or indirectly, used the means or instrumentalities of
interstate commerce, the mails, or the facilities of a national securities exchange.

## DEFENDANT

8.      Alexandre Ponzio De Azevedo, age 33, a resident of São Paulo, Brazil, was an investment banker employed by ABN AMRO and was assigned in that capacity to work on Sadia's tender offer for Perdigão.

## OTHER RELEVANT ENTITIES

9.      Perdigão S.A. is a Brazilian corporation headquartered in São Paulo that produces processed foods, including meat products and frozen foods.  ADSs representing shares of Perdigão are registered with the Commission under Exchange Act Section 12(b) and are listed on the New York Stock Exchange ("NYSE") under the ticker symbol "PDA."

10.     Sadia S.A. is a Brazilian corporation headquartered in São Paulo that produces refrigerated and frozen protein products, including processed poultry and pork. ADSs representing shares of Sadia are registered with the Commission under Exchange Act Section 12(b) and are listed on the NYSE under the ticker symbol "SDA."

## FACTS

11.     On March 1, 2006, ABN AMRO began to study the potential for corporate transactions involving Perdigão, in light of recent changes to Perdigão's capital structure.

12.     On April 7, 2006, representatives of ABN AMRO met with executives from Sadia and told them that, in light of Perdigão's recent capital restructuring, ABN AMRO had concluded that Sadia was in a position to attempt a takeover of Perdigão.

13.     On April 11, 2006, Azevedo was informed of the possible tender offer by Sadia for Perdigão in his capacity as an employee of ABN AMRO assigned to the tender offer team.

14.    On April 20, 2006, representatives of ABN AMRO met with executives from Sadia once again to discuss the possible tender offer.

15.    On May 25, 2006, ABN AMRO placed Perdigão on a "watch list" that effectively precluded ABN AMRO employees from trading in securities of Perdigão.

16.    On June 20, 2006, Azevedo purchased 14,000 Perdigão ADSs at a price of $19.25 per Perdigão ADS.  Azevedo knew, or was reckless in not knowing, that he purchased his Perdigão ADSs based on material, nonpublic information and in breach of the duty of trust and confidence he owed to his employer, ABN AMRO.  Subsequently, he advised ABN AMRO that he had traded in Perdigão ADSs in violation of ABN AMRO's internal policies.

17.    On June 21, ABN AMRO's parent corporation authorized ABN AMRO to provide financing to Sadia in connection with the proposed tender offer.

18.    On Sunday, July 16, 2006, Sadia announced the tender offer for Perdigão. On Monday, July 17, 2006, Perdigão ADSs opened at $23.12 and closed at $24.50, up $4.25 (21%) from the closing price the previous Friday.

19.    On the afternoon of Monday, July 17, 2006, between 1:53 p.m. and 3:54 p.m.,[1] Azevedo placed four sell orders through an online account that collectively sold 10,500 Perdigão ADSs for total proceeds of $254,406.87.  His ill-gotten profits on the sales were $52,290.00.

20.    On Friday, July 21, 2006, Sadia withdrew the tender offer for Perdigão.

21.    The imputed profits to Azevedo from his remaining 3,500 Perdigão ADSs totaled $14,875.00.

---

[1]     All times given in this Complaint are in Eastern Daylight Saving Time, which is one hour behind the corresponding time in São Paulo, Brazil.

22. By trading in Perdigão ADSs on the basis of material, nonpublic information, Azevedo realized ill-gotten profits of $52,290.00 on the 10,500 ADSs he sold on July 17, 2006, and imputed profit on the remaining 3,500 ADSs was $14,875.00.

## FIRST CLAIM

### *Insider Trading in Connection with Purchase or Sale of a Security*

**(Exchange Act Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5])**

23. The Commission realleges and incorporates by reference the allegations contained in Paragraphs 1 through 22 above.

24. By engaging in the foregoing conduct, Azevedo violated Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## SECOND CLAIM

### *Insider Trading in Connection with a Tender Offer*

**(Exchange Act Section 14(e) [15 U.S.C. § 78n(e)] and Exchange Act Rule 14e-3 thereunder [17 C.F.R. § 240.14e-3])**

25. The Commission realleges and incorporates by reference the allegations contained in Paragraphs 1 through 22 above.

26. By engaging in the foregoing conduct, Azevedo violated Exchange Act Section 14(e) [15 U.S.C. § 78n(e)] and Exchange Act Rule 14e-3 thereunder [17 C.F.R. § 240.14e-3].

## RELIEF REQUESTED

WHEREFORE, the Commission respectfully requests that this Court enter a judgment against Azevedo that:

1.  enjoins Azevedo from violating Sections 10(b) and 14(e) of the Exchange Act [15 U.S.C. §§ 78j(b), 78n(e)] and Exchange Act Rules 10b-5 and 14e-3 thereunder [17 C.F.R. §§ 240.10b-5, 240.14e-3];

2.  orders Azevedo to disgorge all ill-gotten gains, with prejudgment interest;

3.  orders Azevedo to pay appropriate civil penalties under Section 21A of the Exchange Act [15 U.S.C. § 78u-1]; and

4.  grants such other and further relief as this Court may deem just and proper.

Dated: February 21, 2007

Respectfully submitted,

*Nina B. Finston*

Scott W. Friestad
Robert B. Kaplan
Nina B. Finston, D.C. Bar No. 431825
Stephen G. Yoder

Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549-6041
(202) 551-4961 (Finston)
(202) 772-9346 (fax)

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Securities and Exchange Commission | Alexandre Ponzio De Azevedo |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __São Paulo, Brazil__ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Nina B. Finston, Branch Chief<br>Securities and Exchange Commission<br>100 F Street, N.E., Mail Stop 6041A<br>Washington, DC 20549-6041<br>(202) 551-4961 | Lionel E. Pashkoff, Esq.<br>Proskauer Rose LLP<br>1001 Pennsylvania Avenue, N.W., Suite 400 South<br>Washington, DC 20004<br>(202) 416-6832 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ● 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**● E. General Civil (Other)**    OR    **○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☒ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
15 U.S.C. §§ 78u(d)(1), (e), and 78aa; enforcement action alleging violations of the federal securities laws

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____ Check YES only if demanded in complaint
JURY DEMAND: YES ☐ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☒ NO ☐ If yes, please complete related case form.

DATE 2/21/07   SIGNATURE OF ATTORNEY OF RECORD *Nina B. Frith*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.** CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.** CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.** CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.** RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ALEXANDRE PONZIO DE AZEVEDO,

Defendant.

Civil Action No.

## FINAL JUDGMENT AS TO DEFENDANT
## ALEXANDRE PONZIO DE AZEVEDO

The Securities and Exchange Commission having filed a Complaint and Defendant

Alexandre Ponzio De Azevedo having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 14(e) of the Exchange

Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in

connection with any tender offer or request or invitation for tenders, from engaging in any

fraudulent, deceptive, or manipulative act or practice, by:

(a)     purchasing or selling or causing to be purchased or sold the securities

sought or to be sought in such tender offer, securities convertible into or

exchangeable for any such securities or any option or right to obtain or

dispose of any of the foregoing securities while in possession of material

information relating to such tender offer that Defendant knows or has

reason to know is nonpublic and knows or has reason to know has been

2

acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee or other person acting on behalf of the offering person of such issuer, unless within a reasonable time prior to any such purchase or sale such information and its source are publicly disclosed by press release or otherwise; or

(b)    communicating material, nonpublic information relating to a tender offer, which Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person of such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith

(i)    to the officers, directors, partners or employees of the offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

(ii)    to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners, employees or advisors or to other persons involved in the

3

planning, financing, preparation or execution of the

activities of the issuer with respect to such tender offer; or

(iii)    to any person pursuant to a requirement of any statute or

rule or regulation promulgated thereunder.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable

for disgorgement of $67,165.00, representing profits gained as a result of the conduct alleged in

the Complaint, together with prejudgment interest thereon in the amount of $1,050.45, and a civil

penalty in the amount of $67,165.00 pursuant to Exchange Act Section 21A [15 U.S.C. § 78u-1].

Defendant shall satisfy this obligation by paying $135,380.45 within ten (10) business days after

entry of this Final Judgment by certified check, bank cashier's check, or United States postal

money order payable to the Securities and Exchange Commission. The payment shall be

delivered or mailed to the Office of Financial Management, Securities and Exchange

Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia

22312, and shall be accompanied by a letter identifying Alexandre Ponzio De Azevedo as a

defendant in this action; setting forth the title and civil action number of this action and the name

of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant

shall simultaneously transmit photocopies of such payment and letter to the Commission's

counsel in this action. Defendant shall pay post-judgment interest on any delinquent amounts

pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this

paragraph to the United States Treasury.

4

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ALEXANDRE PONZIO DE AZEVEDO,

Defendant.

Civil Action No.

# CONSENT OF DEFENDANT ALEXANDRE PONZIO DE AZEVEDO

1.      Defendant Alexandre Ponzio De Azevedo ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

      (a)      permanently restrains and enjoins Defendant from violation of Sections 10(b) and 14(e) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b), 78n(e)] and Exchange Act Rules 10b-5 and 14e-3 thereunder [17 C.F.R. §§ 240.10b-5, 240.14e-3];

      (b)      orders Defendant to pay disgorgement in the amount of $67,165.00, plus prejudgment interest thereon in the amount of $1,050.45; and

(c)     orders Defendant to pay a civil penalty in the amount of $67,165.00 under

Exchange Act Section 21A [15 U.S.C. § 78u-1].

3.     Defendant agrees that he shall not seek or accept, directly or indirectly,

reimbursement or indemnification from any source, including but not limited to payment made

pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays

pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof

are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further

agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any

federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final

Judgment, regardless of whether such penalty amounts or any part thereof are added to a

distribution fund or otherwise used for the benefit of investors.

4.     Defendant waives the entry of findings of fact and conclusions of law pursuant to

Rule 52 of the Federal Rules of Civil Procedure.

5.     Defendant waives the right, if any, to a jury trial and to appeal from the entry of

the Final Judgment.

6.     Defendant enters into this Consent voluntarily and represents that no threats,

offers, promises, or inducements of any kind have been made by the Commission or any

member, officer, employee, agent, or representative of the Commission to induce Defendant to

enter into this Consent.

7.     Defendant agrees that this Consent shall be incorporated into the Final Judgment

with the same force and effect as if fully set forth therein.

2

8.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this

3

action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.    Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.

Dated: _____                          _____
                                                Alexandre Ponzio De Azevedo

    On _____, 2007, _____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.


                                    _____
                                    Notary Public
                                    Commission expires:


Approved as to form:

_____
Lionel E. Pashkoff, Esq.
Proskauer Rose LLP
1001 Pennsylvania Avenue, N.W.
Suite 400 South
Washington, DC  20004
(202) 416-6832
Attorney for Defendant

Este documento, para ter efeito no Brasil
e valer contra terceiros deverá ser vertido
em vernáculo e registrada a tradução.
(PROV. 29/80 - C.G.J.)

4º TABELIÃO DE NOTAS - Estado de São Paulo - Comarca da Capital
RUA ESTADOS UNIDOS, 628 - CEP: 01427-000 - FONE: (0XX11) 3884-9767
Tabelião: Bel. OSVALDO CANHEO  ·  Tabelião Substituto: Bel. ANTÔNIO CANHEU FILHO
RECONHECO por semelhança 0001 firma(s) de:
ALEXANDRE PONZIO DE AZEVEDO
15/01/2007 EM TEST.              DA VERDADE.
TABEU CARLOS SALES COSTA ESCREVENTE
Car.:1670/ Pago:R$$$$$$ 30 DOC C/VL.EC.
Selo(s): AAM214577

Colégio Notarial
do Brasil - SP
FIRMA VALOR
ECONÔMICO    1
1036AA421599

TABELIÃO - SP
eu Carlos Sales Costa
Escrevente Autorizado

"VÁLIDO SOMENTE COM O SELO DE AUTENTICIDADE SEM EMENDAS E/OU RASURAS"

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ALEXANDRE PONZIO DE AZEVEDO,

Defendant.

Civil Action No.

# FINAL JUDGMENT AS TO DEFENDANT
# ALEXANDRE PONZIO DE AZEVEDO

The Securities and Exchange Commission having filed a Complaint and Defendant

Alexandre Ponzio De Azevedo having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

> (a)    to employ any device, scheme, or artifice to defraud;

> (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

> (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in connection with any tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative act or practice, by:

> (a)    purchasing or selling or causing to be purchased or sold the securities sought or to be sought in such tender offer, securities convertible into or exchangeable for any such securities or any option or right to obtain or dispose of any of the foregoing securities while in possession of material information relating to such tender offer that Defendant knows or has reason to know is nonpublic and knows or has reason to know has been

2

acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee or other person acting on behalf of the offering person of such issuer, unless within a reasonable time prior to any such purchase or sale such information and its source are publicly disclosed by press release or otherwise; or

(b)    communicating material, nonpublic information relating to a tender offer, which Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person of such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith

(i)    to the officers, directors, partners or employees of the offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

(ii)    to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners, employees or advisors or to other persons involved in the

3

planning, financing, preparation or execution of the

activities of the issuer with respect to such tender offer; or

(iii)    to any person pursuant to a requirement of any statute or

rule or regulation promulgated thereunder.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable

for disgorgement of $67,165.00, representing profits gained as a result of the conduct alleged in

the Complaint, together with prejudgment interest thereon in the amount of $1,050.45, and a civil

penalty in the amount of $67,165.00 pursuant to Exchange Act Section 21A [15 U.S.C. § 78u-1].

Defendant shall satisfy this obligation by paying $135,380.45 within ten (10) business days after

entry of this Final Judgment by certified check, bank cashier's check, or United States postal

money order payable to the Securities and Exchange Commission. The payment shall be

delivered or mailed to the Office of Financial Management, Securities and Exchange

Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia

22312, and shall be accompanied by a letter identifying Alexandre Ponzio De Azevedo as a

defendant in this action; setting forth the title and civil action number of this action and the name

of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant

shall simultaneously transmit photocopies of such payment and letter to the Commission's

counsel in this action. Defendant shall pay post-judgment interest on any delinquent amounts

pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this

paragraph to the United States Treasury.

4

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, \_\_\_\_\_

_____
UNITED STATES DISTRICT JUDGE

5